Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:      (401) 217-2299

*Attorneys for Plaintiffs*
*Orlando Luciano Sartori and*
*Gilmar Alves Pereira*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORLANDO LUCIANO SARTORI and GILMAR ALVES PEREIRA, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>MIKDARL, INC. d/b/a RANDOLPH CAFE, MICHAEL MUNICHIELLO, and DARLENE CARTAGENA.<br><br>     Defendants. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq*.;**<br>2. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151 § 1 *et seq*.; and**<br>3. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ................................................................................................1

PARTIES ........................................................................................................................................1

JURISDICTION ............................................................................................................................4

VENUE ...........................................................................................................................................5

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ................................5

    Defendants Failed to Properly Compensate Plaintiffs for Minimum
    and Overtime Wage ........................................................................................5

    Defendants Constitute Joint Employers.......................................................6

    Defendants' General Employment Practices .............................................8

    Plaintiffs Exhausted Their Administrative Remedies as to Their
    Wage Claims and Bring This Action ............................................................9

CLAIMS FOR RELIEF ..............................................................................................................10

PRAYER FOR RELIEF .............................................................................................................12

DEMAND FOR JURY TRIAL .................................................................................................14

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiffs Orlando Luciano Sartori ("Mr. Sartori"), and Gilmar Alves Pereira ("Mr. Pereira") (collectively, "Plaintiffs") individually and on behalf of those similarly situated, brings this action against their former employers, Mikdarl, Inc. d/b/a Randolph Cafe, Michael Munichiello, and Darlene Cartagena (collectively, "Defendants"), to assert their rights and remedy grave and rampant violations committed by Defendants over the course of several years. Mr. Sartori and Mr. Pereira are seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*, the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Plaintiffs hereby allege as follows:

## PARTIES

2. Plaintiff, Orlando Luciano Sartori, is a resident of Braintree, MA.

3. Plaintiff, Gilmar Alves Pereira, is a resident of Massachusetts.

4. At all times relevant herein, Mr. Sartori and Mr. Pereira were employed by Defendants in the Commonwealth of Massachusetts.

5. At all times relevant, Defendants owned, operated, or controlled a cafe located at 1207 N Main St, Randolph, MA 02368 under the name "Randolph Cafe".

6. Defendant Mikdarl, Inc. d/b/a Randolph Cafe is a Domestic Profit Corporation with a principal office located at 175 Derby Street, Suite 20, Hingham, MA 02043. Its registered agent is Darlene Cartagena, located at 160 Michael Road, Raynham, MA 02767.

7. Defendant Michael Munichiello is believed to be a resident and citizen of Massachusetts. Defendant Michael Munichiello is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Munichiello possesses

operational control over Defendant Corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

8. Defendant Darlene Cartagena is believed to be a resident and citizen of Massachusetts. Defendant Darlene Cartagena is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Darlene Cartagena possesses operational control over Defendant Corporation, an ownership interest in Defendant corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

9. Upon information and belief, individual Defendants Michael Munichiello and Darlene Cartagena, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the café as a joint or unified enterprise.

10. At all times relevant, Defendants were Mr. Sartori and Mr. Pereira's "employers" within the meaning of all relevant statutes.

11. Indeed, each Defendant possessed substantial control over Plaintiffs'—and other similarly situated employees'—working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all other similarly situated individuals, referred herein. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

12. Plaintiffs were ostensibly employed as delivery workers. However, they were required to spend a considerable part of their workday performing non-tipped duties, including but

not limited to cleaning the restaurant, cleaning the kitchen and preparing food (hereafter, the "non-tipped duties").

13. At all times relevant to this complaint, Plaintiff worked for Defendants without the appropriate minimum wage compensation for the hours that they worked.

14. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

15. Defendants employed and accounted for Plaintiffs as delivery workers (or tipped employees) in their payroll, but in actuality their duties required a significant amount of time spent performing the non-tipped duties alleged above.

16. Regardless, at all relevant times, Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

17. However, under both the FLSA and Massachusetts labor law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceed 20% of each workday, or 2 hours per day, whichever is less in each day.

18. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as tipped workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rat and enabled them to pay Plaintiffs at the tip-credit rate (which they still failed to do).

19. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

20. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

21. Defendants constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

22. Defendants, both separately and jointly, are believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

23. At all relevant times, Defendants and/or their enterprise were engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the restaurant were goods produced outside the State of Massachusetts and transported across state lines specifically for Defendants to use in their business operations.

24. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and for violations of M.G.L. Chapter 149, Section 152A and M.G.L. Chapter 151, Section 7, including applicable liquidated damages, interest, attorneys' fees and costs.

25. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

26. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Mr. Sartori asserts claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

27. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

28. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

29. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants operate a café in this district and are deemed to reside in this District. Furthermore, Plaintiffs were employed by Defendants in this district.

30. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Defendants Failed to Properly Compensate Plaintiffs for Minimum and Overtime Wage

31. Mr. Pereira began working with the Defendants sometime around the end of 2021 until his eventual termination in April of 2025.

32. Throughout Mr. Pereira's employment at Defendants, he earned approximately $8 an hour.

33. Mr. Sartori was initially hired in or around October of 2023 until his termination in November 2024.

34. Throughout his employment, Mr. Pereira earned $95 per week.

35. Plaintiffs worked at Randolph Cafe, six days a week, from 10 to 14 hours a day.

36. Defendants ostensibly employed Plaintiffs as delivery workers. However, Plaintiffs were required to spend a significant portion of their workdays performing the non-tipped duties described above.

37. Plaintiffs regularly handled goods in interstate commerce, such as food and other

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

supplies produced outside of the Commonwealth of Massachusetts.

38. Plaintiffs' work duties required neither discretion nor independent judgment.

39. Throughout their employment, Defendants paid Plaintiffs their wages by check, and tips were paid in cash.

40. Plaintiffs were not properly notified by Defendants that their tips were being included as an offset for wages.

41. Defendants did not account for these tips in any daily or weekly accounting of Plaintiffs' wages.

42. Plaintiffs were never compensated for mileage reimbursement or gasoline expenses while on the job.

43. Despite working tens of hours in excess of 40 hours per week, Plaintiffs were never properly compensated for any overtime in excess of 40 hours per week.

44. Indeed, any hours over those of 40 per week were compensated at a flat hourly and/or weekly rate and not at the overtime premium.

45. Plaintiffs and other similarly situated employees were asked to clock out before the end of their shifts although they still had to finish cleaning the restaurant before closing. This resulted in unpaid labor per day which was never compensated.

**Defendants Constitute Joint Employers**

46. Defendants jointly operate a cafe located in Randolph, Massachusetts.

47. Individual Defendants, Michael Munichiello and Darlene Cartagena, possess operation control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

48. Defendants are associated and are joint employers, act in the interest of each other with respect to employees, like Plaintiffs, paid employees by the same method, and shared control over employees.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

49. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals referred to herein.

50. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of the FLSA, Massachusetts Payment of Wages Act, and Massachusetts Minimum Fair Wages Act.

51. In the alternative, Defendants constitute a single employer of Plaintiffs and/or other similarly situated individuals.

52. Upon information and belief, Individual Defendants, Michael Munichiello and Darlene Cartagena, operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full

liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

**Defendants' General Employment Practices**

53. At all times to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying him appropriate minimum wage or overtime premium as required by federal and state laws.

54. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and Massachusetts labor laws by not paying them the wages they are owed for the hours worked.

55. Defendants required Plaintiffs and all other similarly situated delivery works to perform general non-tipped tasks in addition to their primary tasks as delivery workers.

56. Plaintiffs and all similarly situated employees, ostensibly were employed as tipped workers by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

57. Plaintiffs' duties were not incidental to their occupation as tipped workers, but instead constituted entirely unrelated general restaurant work duties, including the non-tipped duties described above.

58. Plaintiffs and all other tipped workers were paid at a rate that was lower than the lower tipped-credit rate by Defendants.

59. However, Defendants were not entitled to a tip credit because of Plaintiffs' non-tipped duties. Under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

60. In violation of federal and state law as codified above, Defendants classified Plaintiffs and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

paid them at the minimum wage rate.

61. Defendants failed to inform Plaintiffs, and all those individuals who received tips, that their tips were being credited towards the payment of the minimum wage.

62. Furthermore, Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

63. Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

64. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours that Plaintiffs (and other similarly situated employees) worked, and to avoid paying Plaintiffs properly for his full hours worked.

65. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and state laws.

66. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

**Plaintiffs Exhausted Their Administrative Remedies as to Their Wage Claims and Bring This Action**

67. Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 § 150, Mr. Sartori and Mr. Pereira submitted their statutory claims with the Office of the Attorney General and received a Right to Sue letter.

**FLSA COLLECTIVE ACTION CLAIMS**

68. Plaintiffs bring their FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Collective members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

69. At all relevant times, Plaintiffs and other members of the FLSA Collective were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

70. The claims of Plaintiffs stated herein are similar to those of the other employees.

## CLAIMS FOR RELIEF

71. Plaintiffs reallege and incorporate by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

### First Claim for Relief

*Failure to pay minimum wage – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

(Brought on behalf of Plaintiffs and the FLSA Collective)

72. Defendants by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct. Defendant's practice of willfully failing or refusing to pay Plaintiffs and all other similarly situated individuals at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a). Plaintiffs and all other similarly situated individuals are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs. Defendants willfully and deliberately deprived Plaintiffs (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiffs (and the FLSA class members) to suffer damages as aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Second Claim for Relief**

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

73. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs and all other similarly situated individuals the proper overtime premium for the hours worked in excess of 40 in a week in violation of the FLSA, 29 U.S.C. § 207. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. *See* 29 U.S.C. § 216(b).

**Third Claim for Relief**

*Non-Payment of Wages– Massachusetts Payment of Wages Act,*

*Mass. Gen. L. c. 149 § 148 et seq.*

*(Brought on behalf of Plaintiffs)*

74. Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs their earned wages in violation of the Massachusetts Payment of Wages Act, Mass. G. L. c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. G. L. c. 149 § 150. Per the Wage Act, an employer is liable for triple damages on late-paid wages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Fourth Claim for Relief**

*Failure to Pay Overtime Wages– Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, § 1A, 1B*

*(Brought on behalf of Plaintiffs)*

75.  Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs for the hours worked in excess of 40 in a week or 8 in a day, at the overtime premium, in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A, 1B. Under this Act, Plaintiffs should have been paid the overtime premium for each overtime hour worked in a week (which ranges from 10 to 40). Per the Wage Act, an employer is liable for triple damages on late-paid wages, and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

**Fourth Claim for Relief**

*Failure to Pay Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. L. c. 151, § 1&7*

*(Brought on behalf of Plaintiffs)*

76.  Defendants, by their individual or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs for all hours worked at an hourly rate at least equal to the applicable Massachusetts minimum wage then in effect also in violation of Mass. Gen. Laws ch. 151 §§ 1 & 7.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Sartori and Mr. Pereira, individually and on behalf of all others similarly situated, prays and respectfully requests that this Court grant the following relief:

A.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective

action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty (40) in a work week.

B. Designation of Plaintiffs as Collective Representatives and counsel of record as Collective Counsel;

*C.* A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*; the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151 § 1 *et seq.*; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

D. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

E. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiffs whole for all earnings and benefits Plaintiffs would have received but for the violations.

F. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiffs are entitled.

G. An award of prejudgment interest, reasonable attorneys' fees, and costs;

H. A reasonable incentive award for the lead Plaintiffs to compensate them for the time he spent attempting to recover wages for Class Members and for the risks they took in doing so; and

I. Such other and further relief as this Court deems just and proper.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues triable as of right.

Dated: June 10, 2025                                   **ODU LAW FIRM, LLC**

By:   /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
ABarros@odulawfirm.com

**ATTORNEYS FOR PLAINTIFFS ORLANDO LUCIANO SARTORI, GILMAR ALVES PEREIRA, AND OTHERS SIMILARLY SITUATED**



| | |
|---|---|
| ODU Law Firm, LLC<br>888 Reservoir Avenue<br>Second Floor<br>Cranston, RI 02910 | Office:  (401) 209-2029<br>Fax:     (401) 217-2299<br>E-mail: odu@odulawfirm.com<br>Web:   www.odulawfirm.com |

May 29, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: ___Gilmar Alves Pereira_____

Legal representative: <u>ODU Law Firm, LLC</u>

Signature: ___[signature]_____
ID hSTG4xip9yT3x5SaAfhENT6W

Date: ___5/29/2025_____



Page 1 of 1

# eSignature Details

**Signer ID:** hSTG4xip9yT3x5SaAfhENT6W
**Signed by:** Gilmar Alves Pereira
**Sent to email:** [redacted]
**IP Address:** [redacted]
**Signed at:** May 29 2025, 10:39 am EDT



ODU Law Firm, LLC
888 Reservoir Avenue
Second Floor
Cranston, RI 02910

Office:  (401) 209-2029
Fax:     (401) 217-2299
E-mail:  odu@odulawfirm.com
Web:     www.odulawfirm.com

May 21, 2025

**BY HAND**

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.

Name: Orlando Luciano Sartori

Legal representative: ODU Law Firm, LLC

Signature: *Orlando Luciano Sartori*
ID BbGh2UpZfc2EAZ7DEDoq74fo

Date: 05/21/2025
ID BbGh2UpZfc2EAZ7DEDoq74fo

Page 1 of 1

# eSignature Details

**Signer ID:** **BbGh2UpZfc2EAZ7DEDoq74fo**
**Signed by:** Orlando Luciano Sartori
**Sent to email:** ▮▮▮▮▮▮▮▮
**IP Address:** ▮▮▮▮▮▮▮▮
**Signed at:** May 21 2025, 12:12 pm EDT